**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MAURICIO ROJAS SOTO, *et al.* *Plaintiffs*, v. UNITED STATES DEPARTMENT OF STATE, *Defendant*. | Civil Action No. 14-604 (RDM) |

**MEMORANDUM OPINION**

This is an action brought by a family of four, who reside in Cali, Columbia, seeking to obtain records the State Department relied upon in denying their applications for visas to enter the United States. In two previous opinions, the Court granted summary judgment to the State Department on Plaintiffs' claims under the Freedom of Information Act, 5 U.S.C. § 552. *See Soto v. U.S. Dep't of State*, 118 F. Supp. 3d 355 (D.D.C. 2015) ("*Soto I*"); *Soto v. U.S. Dep't of State*, 14-cv-604, 2016 WL 3390667 (D.D.C. June 17, 2016) ("*Soto II*"). In *Soto II*, the Plaintiffs also sought to assert claims under the Privacy Act, 5 U.S.C. § 552a, challenging the accuracy of the records the State Department relied upon in denying their visa applications. *Id.* at *5. The Court concluded that, although Plaintiffs' complaint "mention[ed] the Privacy Act," it could not reasonably be construed to "allege that the Department failed to amend inaccurate agency records" or to "seek to compel the Department to correct any error in its records." *Id.* "In the exercise of its discretion," however, the Court deferred the entry of final judgment to give Plaintiffs "an opportunity to move for leave to amend their complaint to add a claim for amendment under the Privacy Act." *Id*. at *6. But, at the same time, the Court cautioned that it

expressed no view on whether Plaintiffs could "satisfy the standard for filing an amended complaint." *Id.* Rather, the Court merely provided Plaintiffs with "one last opportunity to show why this case should not be brought to a close." *Id.*

Plaintiffs have since filed a motion for leave to file a second amended complaint, asserting claims under the Privacy Act and seeking, among other relief, an order barring the Department from disseminating certain records and requiring that it "amend its records pertaining to [P]laintiffs by deleting and destroying the false and misleading statements" allegedly contained in those records. *See* Dkt. 38-2 at 5 (proposed second amended complaint). Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962). But "leave to amend should be denied when amendment would be futile," *Sai v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 126 (D.D.C. 2015), including, most notably, when "the proposed claim would not survive a motion to dismiss," *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). In this case, amendment would be futile.

Plaintiffs' proposed second amended complaint seeks relief based solely on the Privacy Act. Dkt. 38-2 at 1, 3–4. As the Department observes, however, the Privacy Act protects only "individuals," *see, e.g.*, 5 U.S.C. §§ 552a(b)-(f), which the Act defines to mean "citizen[s] of the United States or . . . alien[s] lawfully admitted for permanent residence," *id.* at § 552a(a)(2). Moreover, only an "individual" is authorized to bring a civil action against an agency to enforce these protections. *Id.* § 552a(g)(1). Here, however, it is clear that Plaintiffs are neither U.S. citizens nor lawful permanent residents. Indeed, the premise of this litigation is that the Department *denied* the applications of three of the plaintiffs for non-immigrant visas to enter the United States and that it *revoked* the fourth plaintiff's student visa. Dkt. 5 at 10. Accordingly,

the Plaintiffs are not entitled to bring suit under the Privacy Act.  *See Cudzich v. INS*, 886 F. Supp. 101, 105 (D.D.C. 1995); *accord, e.g.*, Fares v. INS, No. 94-1339, 1995 WL 115809 (4th Cir. Mar. 20, 1995) (per curiam) *4 (explaining that the plaintiff was "not protected by the Privacy Act since the Act only protects citizens of the United States or aliens lawfully admitted for permanent residence"); *Raven v. Panama Canal Co.*, 583 F.2d 169, 171 (5th Cir. 1978) ("[B]y its use of a narrow definition of the word 'individual,' Congress displayed its intention to exclude foreign national and nonresident aliens from the Privacy Act.").  It would thus be futile to allow Plaintiffs to amend their complaint.

The Court will, accordingly, deny Plaintiffs' motion for leave to file a second amended complaint, Dkt. 38.  Having resolved the sole remaining issue, it is now time to bring this action "to a close," *Soto II*, 2016 WL 3390667, at *6, and the Court will therefore proceed to enter judgment.

A separate order will issue.

/s/ Randolph D. Moss<br>
RANDOLPH D. MOSS<br>
United States District Judge

Date:  March 25, 2017